**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

JARYN MISSICK, on behalf of himself
and all others similarly situated,

    Plaintiff(s),

v.

UNITED HARDWARE SUPPLY INC.,
a Florida corporation,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, JARYN MISSICK ("Plaintiff"), on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, UNITED HARDWARE SUPPLY INC. ("Defendant"), for its failure to pay federal overtime wages to Plaintiff, and alleges the following:

**INTRODUCTION**

1. Defendant misclassified Plaintiff and all other similarly situated individuals as independent contractors to avoid federal overtime wage obligations under the Fair Labor Standards Act ("FLSA"). As a result of this intentional and willful misclassification, Defendants deprived Plaintiff and dozens of other employees of federal overtime wages during the course of the previous three (3) years. This action arises under the FLSA, pursuant to 29 U.S.C. §§ 201–216, to recover all federal overtime wages that Defendant refused to pay Plaintiff and all other similarly situated employees.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant was a Florida profit corporation located and transacting business within Broward County, Florida, with a principal place of business located at 3101 North 29th Avenue, Hollywood, Florida 33020, within the jurisdiction of this Honorable Court.

4. Plaintiff worked at Defendant's principal location in Hollywood, Florida.

5. During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

6. Defendants exercised significant control over the nature and degree of the work performed by Plaintiff, and the economic realities of the relationship between Plaintiff and Defendant was consistent with that of employer-employee.

7. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

10. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

### PLAINTIFF'S WORK FOR DEFENDANT

11. Defendant sources and delivers locksmith wholesale products, such as car keys, fobs, key cutting machines and parts, key programmers, commercial and residential door hardware, and a range of other locksmith equipment and tools. https://www.uhs-hardware.com/pages/about-us (last visited August 10, 2022).

12. Defendant maintains a Purchasing Department in which it employs Buyers, Senior Buyers, Purchaser Specialists, and Sales Representatives – all of whom share substantially similar duties and responsibilities related to customer service.

13. Defendant hired Plaintiff as a Buyer in its Purchasing Department on or about February 28, 2022.

14. Defendant assigns its Buyers various tasks including data entry, communicating with vendors, placing stock orders, assisting customers to complete online and telephonic orders, and other administrative tasks.

15. Defendant compensates its Buyers an hourly wage that is contingent upon the number of hours they work.

16. From February 28, 2022, to the end of May 2022, Defendant compensated Plaintiff at an hourly rate of $20.00.

17. In May of 2022, Defendant gave Plaintiff a raise to an hourly rate of $22.00.

18. In one or more workweeks of his employment, Plaintiff worked in excess of forty (40) hours per week.

19. Plaintiff's schedule was Monday through Friday from 9:00 a.m. to 5:30 p.m.

20. Plaintiff also had to occasionally work on the weekends.

21. However, Defendant refused to pay Plaintiff federal overtime wages during one or more workweeks when he worked more than forty (40) hours.

22. During the relevant time period, Defendant failed to comply with the record-keeping requirements under FLSA.

23. Plaintiff's last day working for Defendant was on or about July 13, 2022.

## FLSA COVERAGE

24. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for it affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

25. During his employment with Defendant, Plaintiff and various other similarly situated employees handled and worked with goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, head sets, extension cords, masks, boxes, envelopes, hand sanitizer, rebuild kids, cylinder heads, injectors, bearings, gaskets, crankshafts, diesel engines, screw drivers, hammers, nails, screws, washers, wd40, etc.

26. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

27. Defendant had gross annual revenues in excess of $500,000.00 in the years 2019, 2020 and 2021 and is expected to gross in excess of $500,000.00 in the year 2022.

28. During his employment with Defendants, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA. More specifically, Plaintiff used the interstate telephone system to regularly and recurrently speak with Defendant's customers who resided outside of the state of Florida over the phone. Plaintiff also regularly and recurrently sent and received correspondences to and from Defendant's customers and potential customers outside of Florida during his employment period.

29. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

30. During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(On Behalf of Plaintiff and All Others Similarly Situated)**

31. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 30 as though set forth fully herein.

32. Plaintiff alleges this Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

5

33. Defendant refused to pay Plaintiff and similarly situated employees one-and-a-half times their regular hourly rate for hours worked over forty (40) in one or more weeks of their employment.

34. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective:

> **Any and all individuals who worked in Defendant's Purchasing Department who were classified as independent contractors and worked more than 40 hours in a workweek but were not paid overtime wages at any time during the previous three (3) years**.

35. Plaintiff claims the applicable federal overtime wage rate for all hours over forty (40) that he worked during her employment.

36. Defendant willfully and intentionally refused to pay Plaintiff and similarly situated individuals federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

37. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JARYN MISSICK, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, UNITED HARDWARE SUPPLY INC., and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JARYN MISSICK, demands a trial by jury on all appropriate claims.

**Dated: September 9, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 9, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: